UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
|  | : | |
| v. | : | Crim. No. 05-358 (RCL) |
|  | : | |
| MORTON L. WELLS | : | |
|  | : | |

**MOTION TO SUPPRESS EVIDENCE ALLEGEDLY SEIZED
FROM INSIDE A RESIDENCE LOCATED AT
1042 QUEBEC PLACE, N.W., WASHINGTON, D.C.**

Morton Wells, through undersigned counsel, respectfully moves this Honorable Court, pursuant to the Fourth and Fifth Amendments to the United States Constitution, to suppress as evidence against him at trial all evidence allegedly taken from a residence located at 1042 Quebec Place, N.W., Washington, D.C. after the execution of a search warrant on December 17, 2004. An evidentiary hearing on this motion is respectfully requested.

As grounds for this motion, Mr. Wells, through counsel, states:

1. A four Count indictment was filed against Mr. Wells in this Court on September 22, 2005. Mr. Wells is charged with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year (Count One); unlawful possession with intent to distribute cocaine base (Count Two); unlawful possession with intent to distribute cannabis (Count Three); and using, carrying and possessing a firearm during a drug trafficking offense (Count Four). The indictment was returned on the basis of the execution of a search warrant at a residence located at 1042 Quebec Place, N.W.,

Washington, D.C.. During the search of this residence, officers claim to have recovered such items as suspected cocaine base, suspected cannabis, firearms, ammunition, suspected drug paraphernalia, United States currency and personal documents.

**ARGUMENT**

I.  **THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT DOES NOT ESTABLISH PROBABLE CAUSE TO SEARCH THE PREMISES**

The search warrant is defective because the facts, as recited in the affidavit, do not establish probable cause to believe that there was any contraband located at 1042 Quebec Place, N.W., Washington, D.C. on December 17, 2004. The Fourth Amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." Under the Fourth Amendment, probable cause "exists where the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed." Berger v. New York, 388 U.S. 41, 55 (1967). The affidavit submitted in support of the search warrant in this case does not allege facts that establish probable cause to believe that, on December 17, 2004, there was contraband within the searched residence. The affidavit does not state that anyone had ever seen, or even had any specific information that, illegal drugs, firearms, or any other piece of illegal contraband were ever located inside 1042 Quebec Place, N.W., Washington, D.C. at any time. Rather, the

affidavit simply describes alleged drug trafficking in the 1000 block of Quebec Place, N.W.[1] and the previous arrest of two individuals who the police believe reside at 1042 Quebec Place.

> As explained in United States v. Laws, 808 F.2d 92 (D.C. Cir. 1986)
>
> To demonstrate probable cause ... an affidavit must set forth facts sufficient to induce a reasonably prudent person to believe that a search ... will uncover evidence of a crime. An affidavit predicated upon an informant's tip has been regarded as vulnerable because the tip is hearsay, which, like all hearsay, is susceptible to special concerns of perception and veracity. If the tip is to serve as a basis for a finding of probable cause, the 'neutral and detached magistrate' ... must have substantial reason to believe that nonetheless the hearsay is reliable. Without that determination, the magistrate would cede his duty to gauge probable cause to the informant and the possibly overzealous law-enforcement officer.

808 F.2d at 94-95 (footnotes and citations omitted). In the instant case, because the affidavit in support of the search warrant relating to 1042 Quebec Place, N.W., Washington, D.C. does not "set forth fact sufficient to induce a reasonably prudent person to believe that a search . . . will uncover evidence of a crime, " Laws at 92, all evidence seized as a result of the execution of the December 17, 2004 search warrant in connection with this case must be suppressed.

### III. ALL EVIDENCE MUST BE SUPPRESSED FOR FAILURE TO COMPLY WITH THE PROVISIONS OF 18 U.S.C. 3109

The government also must prove that the police officers executing the search warrant relating to this case complied with the "knock and announce" provisions of 18 U.S.C. § 3109,

---

[1] The affidavit specifically discusses officers observing what they believed to be drug related activity near 1016 Quebec Place, N.W., on December 6, 2004. The affidavit does not state that any police officers observed any drug related activity near 1042 Quebec Place. The affidavit also refers to a letter from an anonymous citizen which states that suspected drug activity was occurring in the rear of 1016 Quebec Place and 1042 Quebec Place. The affidavit does not state that the citizen was aware of whether narcotics were being stored in either residence. The affidavit also fails to discuss the source of the citizen's knowledge, how current the citizen's information was or how reliable the citizen is. See Illinois v. Gates, 462 U.S. 213 (1983).

which only permits officers to force entry to execute a search warrant after having given notice of their authority and purpose and having been refused admittance.  Unless the government can prove that the officers executing the December 17, 2004 search warrant at 1042 Quebec Place, N.W., Washington, D.C. complied with 18 U.S.C. § 3109, all evidence seized as a result of that search must me suppressed.

**WHEREFORE**, for all the foregoing reasons, and for any other reasons this Court may deem just and proper, Morton Wells, through counsel, respectfully requests that this Motion be granted and that this Court suppress all evidence seized as a result of the search related to this case which took place on December 17, 2004.

        Respectfully submitted,

        A. J. KRAMER
        Federal Public Defender

        /s/
_____

TONY W. MILES
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
(202) 208-7500