IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA      : | |
| v.                                                              : | CR. CASE NO. 05-358 (RCL) |
| MORTON L. WELLS                       : | |

### MOTION TO EXCLUDE USE OF DEFENDANT'S ALLEGED PRIOR CONVICTIONS IN THE EVENT MR. WELLS TESTIFIES AT TRIAL

Morton Wells, through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Evidence 609, for an Order prohibiting the government from using an alleged 1998 Distribution of Cocaine conviction and an alleged 1998 Assault with a Dangerous Weapon conviction for impeachment purposes in the event Mr. Wells testifies at trial.

If the government can prove that the alleged prior convictions which it proposes to introduce are "punishable by death or imprisonment in excess of one year," Rule 609 allows the admission of the prior convictions for impeachment purposes only if the government can show that "the probative value of admitting this evidence outweighs its prejudicial effect to the accused." See also United States v. Lipscomb, 702 F.2d 1049, 1055 (D.C. Cir. 1983). Additionally, Rule 609(b) places a ten year time limit for the use of any prior conviction pursuant to Rule 609(a).

In the instant case, the probative value of admitting the alleged convictions the government seeks to admit pursuant to Rule 609 does not outweigh the prejudicial effect to Mr. Wells if such evidence is admitted. Evidence concerning the alleged 1998 prior convictions will have very little probative value with respect to Mr. Wells's truthfulness during any potential trial

related to the instant case. Significantly, according to the government's motion, the alleged convictions are for offenses which are about seven years old. Also, the alleged convictions are for offenses which do not involve moral turpitude. The age of the alleged convictions and the nature of the alleged convictions indicate that the evidence the government seeks to introduce pursuant to Rule 609 will have little relevance to Mr. Wells's current credibility. For these reasons, evidence concerning the alleged prior convictions will have very limited probative value with respect to Mr. Wells's truthfulness at any upcoming trial.

     The prejudice that will result if the government is allowed to impeach Mr. Wells with the alleged prior conviction is great. Such evidence will unfairly taint Mr. Wells's character and, based on this tainted character alone, the jury will surely believe Mr. Wells is more likely to have committed the offenses charged in the instant case. Considering that the indictment in this case charges multiple drug related offenses, including possession with intent to distribute cocaine base, evidence concerning a Distribution of Cocaine prior conviction will be very prejudicial to Mr. Wells. Similarly, considering that two Counts in the indictment involve possession of a firearm, introduction of evidence concerning an Assault with a Deadly Weapon prior conviction will greatly prejudice Mr. Wells. If the government is allowed to introduce evidence concerning these two alleged prior convictions at Mr. Wells's trial, the jurors will certainly be encouraged to find Mr. Wells guilty of the pending charges simply due to the similar nature of the pending charges and Mr. Wells's alleged prior convictions. Additionally, the potential for jury confusion here is substantial because the jury will have difficulty keeping the facts of each offense separate.

     The D.C. Circuit has repeatedly recognized the prejudicial impact of allowing a jury to learn of an accused's criminal record. In <u>United States v. Daniels</u>, 770 F.2d 1111 (D.C. Cir.

1985), for instance, the D.C. Circuit noted that

> [t]he exclusion of bad acts evidence is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds. That juries treat prior convictions as highly probative has been confirmed by empirical investigations. Such reliance by the trier of fact offends the "long standing tradition that protects a criminal defendant from 'guilt by reputation' and from 'unnecessary prejudice.'"

Daniels at 1116 (citations omitted).

In United States v. Lipscomb, supra., the D.C. Circuit discussed the prejudice a defendant suffers when the jury hears evidence of his prior crimes and the ineffectiveness of curative instructions in resolving the problem when saying the following:

> [t]he jury is told to consider the defendant's prior conviction only on the issue of credibility and not on the overall issue of guilt. But limiting instructions of this type require the jury to perform "a mental gymnastic which is beyond, not only their powers, but anybody's else." In the words of Justice Jackson: "the naive assumption that prejudicial effects can be overcome by instructions to the jury, all practicing lawyers know to be unmitigated fiction."

Lipscomb at 1062 (citations omitted).

## CONCLUSION

As discussed above, the admission at trial of Mr. Wells's alleged prior convictions for impeachment purposes will be of very limited probative value. Admission of such evidence, however, will be severely prejudicial to Mr. Wells. For these reasons, and for any other reasons this court deems relevant, this Court should exclude at trial any evidence concerning any of Mr. Wells's alleged prior convictions for impeachment purposes.

        Respectfully submitted,
        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER


        _____/s/_____
        Tony W. Miles
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Suite 550
        Washington, D.C.  20004
        (202)  208-7500